UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JEFFREY SCOTT LARRABEE,  ) | |
| ) | |
| Plaintiff,  ) | Civil No. |
| ) | 11-11853-FDS |
| v.  ) | |
| ) | |
| DUNCAN MATHEWSON, JEFFREY  ) | |
| MCKINNON, and ROBERT MCKINNON,  ) | |
| ) | |
| Defendants.  ) | |

MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

SAYLOR, J.

Pending before the Court is plaintiff Jeffrey Scott Larrabee's motion for default judgment as to defendants Robert McKinnon, Jeffrey McKinnon, and Duncan Mathewson. A default was entered against defendant Jeffrey McKinnon under Fed. R. Civ. P. 55(a) on January 18, 2013. Defaults were entered against defendants Robert McKinnon and Duncan Mathewson on February 13, 2013. All three defendants are residents of Canada. The clerk attempted to mail copies of the notice of default to each of them at their last known addresses; however, all of the mailed notices were returned to the Court as undeliverable.[1] Plaintiff has now moved for the entry of default judgment against them. The Court will grant the motion.

Rule 55(b)(2) provides that when plaintiff's claim is not for a sum certain, "[t]he court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B)

---

[1] Returns of service for the complaint have been docketed as to defendants Robert McKinnon and Jeffrey McKinnon; defendant Mathewson has acknowledged receipt of service in his answer to the complaint. Defendant Robert McKinnon has also responded to the complaint, although defendant Jeffrey McKinnon has not.

determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). Here, plaintiff claims damages that may not be "made certain by computation." *See* Fed. R. Civ. P. 55(b)(1) (describing entry of default damages for sum certain claims). Therefore, the Court must find the amount of damages pursuant to the procedures made available by Fed. R. Civ. P. 55(b)(2). Interpreting that rule, the First Circuit has held that every plaintiff "is not necessarily entitled to an evidentiary hearing" when the claimed damages are not a sum certain; "in limited circumstances [the First Circuit has] permitted district courts to dispense with a Rule 55(b)(2) hearing, even in the face of apparently unliquidated claims." *KPS & Assocs. v. Designs by FMC, Inc.*, 318 F.3d 1, 21 (1st Cir. 2003).

Accordingly, and in the interests of judicial economy, the Court will request affidavits and documentary evidence of damages to be filed by the plaintiff by June 14, 2013. The Court may hold an evidentiary hearing if the amount of damages cannot be readily ascertained from those filings.

For the foregoing reasons, plaintiff's motion for default judgment is GRANTED, and plaintiff is directed to submit any affidavits or other documents from which the Court can calculate damages on or before June 14, 2013.

**So Ordered.**

                                                                       /s/ F. Dennis Saylor
                                                                      F. Dennis Saylor IV
                                                                      United States District Judge

Dated:  May 16, 2013